STEVEN J. MAYOROS, CLAIMANT-APPELLANT, v. BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 13, 1958—Decided February 24, 1958.

Before Judges CLAPP, JAYNE and SCHETTINO.

*Mr. Burton Peskin* argued the cause for claimant-appellant.

*Mr. Edward A. Kaplan* argued the cause for respondent (*Mr. Clarence F. McGovern,* attorney).

PER CURIAM. Claimant appeals from a decision of the Board of Review, raising a question involving the construction of the Unemployment Compensation Law.

Claimant was laid off by his employer on September 29, 1956. He received unemployment compensation benefits for the 13 weeks from October 4, 1956, the day he filed his claim for such benefits, to January 3, 1957. On January 3 he had

a stroke and became unable to perform any work for remuneration. This rendered him ineligible for unemployment benefits—since he was "unable to work," *N. J. S. A.* 43:21-4(*c*). At the same time he became eligible for disability benefits under *N. J. S. A.* 43:21-4(*f*), referred to herein as *section* 4(*f*), a section of the Unemployment Compensation Law (distinguish the Temporary Disability Benefits Law) providing for disability benefits. Accordingly the agency below allowed him benefits under *section* 4(*f*). The question raised by this appeal is what is the maximum number of weeks during which benefits are payable under that section to a person in claimant's position.

The agency contends that the present case is controlled by *N. J. S. A.* 43:21-4(*g*)(7) and that under that section benefits may be paid claimant for a maximum of 26 weeks after September 29, 1956 (when claimant's unemployment commenced). It allowed him benefits for approximately this period. On the other hand he apparently relies on *N. J. S. A.* 43:21-3(*d*)(2), contending, it would seem, that he is entitled to a maximum of 39 weeks of benefits in his benefit year, which commenced on October 4, 1956 (*N. J. S. A.* 43:21-19(*d*)). The question therefore is which of these *sections,* 4(*g*)(7) or 3(*d*)(2), applies.

*Section* 4(*g*)(7), on which the Bureau relies, provides, so far as pertinent:

"No benefits shall be payable under *subsection* (*f*) [*N. J. S. A.* 43:21-4(*f*)] above to any individual:
\*  \*  \*  \*  \*  \*  \*  \*
(7) \* \* \* after the expiration of 26 consecutive weeks during which the individual has been unemployed."

Compare N. Y. Workmen's Compensation Law § 207(1).

*Section* 3(*d*)(2), on which the claimant relies, provides, so far as we need deal with it:

"With respect to an individual to whom benefits shall be payable as provided in this section:
\*  \*  \*  \*  \*  \*  \*  \*
(2) No such individual shall be entitled to receive benefits under this Title for more than 26 weeks in any benefit year under either

of *subsections* (*c*) and (*f*) of *section* 43:21-4 of this Title. *In the event that any individual qualifies for benefits under both of said subsections during any benefit year, the maximum total amount of benefits payable under said subsections combined to such individual during the benefit year shall be 1½ times the maximum amount of benefits payable under 1 of said subsections* \* \* \*."

Literally the claimant's case is covered by the sentence last quoted. For he has, during his benefit year commencing October 4, 1956, qualified for benefits under both subsections therein referred to. Accordingly, claimant apparently contends that since under the italicized sentence in *N. J. S. A.* 43:21-3(*d*)(2) the maximum amount of benefits payable under one of said subsections is 26 weeks, he is entitled to 1½ times the same, namely, 39 weeks of benefits.

■ On the other hand, it is obvious that *section* 4(*g*)(7) is also inescapably applicable here. In short, in the circumstances presented by this case, the terms of the latter section do not seem reconcilable with the italicized clause in *section* 3(*d*)(2). In passing, it is to be noted that both of these sections came into the law at the same time. *L.* 1948, *c.* 110, *p.* 598, 600. In order to eliminate this conflict, we have concluded that *section* 4(*g*)(7) should be applied precisely as it is written, that is, so that benefits given by *section* 4(*f*) will be cut off after "26 consecutive weeks" of unemployment; and the italicized clause of *section* 3(*d*)(2) should not be permitted to enlarge the rights of any claimant which have thus been cut off. *Section* 4(*g*)(7) is therefore the controlling statute here, and *section* 3(*d*)(2) does not in any way aid the claimant.

■ We have been advised that the construction we have placed upon these statutes is the one that has been accepted by the agency over a period of years. When there is doubt as to the significance of the terms of a statute administered by an agency, much weight is to be accorded to the agency's long-established construction of them. *Lane v. Holderman,* 23 *N. J.* 304, 322 (1957); *Walsh v. Dept. of Civil Service,* 32 *N. J. Super.* 39, 48 (*App. Div.* 1954).